UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


REGINALD EVERSON, *Pro Se*,    )    Case No.: 4:17 CV 973
    )
    Petitioner    )
    )
    v.    )    JUDGE SOLOMON OLIVER, JR.
    )
WARDEN CHARMAINE BRACY,    )
    )
    Respondent    )    <u>ORDER</u>


On May 8, 2017, *Pro Se* Petitioner Reginald Everson ("Petitioner" or "Everson") filed a

Petition for Writ of Habeas Corpus ("2254 Petition") (Pet., ECF No. 1) pursuant to 28 U.S.C. § 2254

in the above-captioned case, challenging his conviction and sentence on one count of aggravated

murder with a firearm specification (Count 1), and one count of having a weapon under disability

(Count 2). As a result of the conviction, Petitioner was sentenced to 30 years to life for the

aggravated murder with a consecutive term of five years for the firearm specification, and three

consecutive years for having a weapon under disability, resulting in an aggregate term of 38 years

to life imprisonment.[1] He argues that his § 2254 Petition should be granted based on the following

grounds for relief and supporting facts:

GROUND ONE:        The trial court committed reversible error when it
        allowed evidence of an out of court statement of the
        victim in violation of the Confrontation Clause set forth
        in the Sixth Amendment to the U.S. Constitution.

---

[1]    On January 28, 2016, after Ohio's Seventh District Court of Appeals vacated his
conviction in Count 2 (having a weapon under disability), the State filed a motion
for leave to dismiss Count 2 of the indictment without prejudice, which the trial
court sustained. (ECF No. 10-1, PageID #: 414-16.)

| | |
|---|---|
| Supporting Facts: | The trial court allowed the out of court statement of the victim that "Reg shot me." The statement was not determined to be a dying declaration. The court improperly allowed the statement implicating Petitioner as the person who shot the victim, when the victim was under the influence of drugs and the statement was hearsay. |
| GROUND TWO: | Petitioner was denied his constitutional right to confront and cross-examine the witness against him when the court permitted impermissible hearsay testimony and where such testimony was not harmless beyond a reasonable doubt. |
| Supporting Facts: | Trial court improperly admitted the false out of court statement of Petitioner's uncle that Petitioner had access to a car similar to the one used in the crimes involved in this case. The evidence was false and prejudicial and improperly admitted, depriving Petitioner of a fair trial. |
| GROUND THREE: | The trial court committed reversible error by excluding relevant and proper cross-examination evidence. |
| Supporting Facts: | The trial court granted the State's motion in limine to prevent autopsy evidence that there were drugs in the victim's system at the time of the shooting. This violated the Petitioner's right to confront his accusers. The jury is entitled to all information that might bear on the accuracy and the truth of a witness's testimony. As the victim's "dying declaration" was [used] to convict the Petitioner, the accuracy of that statement and credibility of the statement would be affected by the intoxication of the declarant. |
| GROUND FOUR: | The trial court committed reversible error by admitting 911 recordings under the excited utterances exception[] to the hearsay exclusion rule which prevented Petitioner from receiving a fair trial. |
| Supporting facts: | Petitioner was denied the right to confront the witnesses against him when the 911 testimonial recordings of witnesses that were recorded on the day the crimes were |

committed; but the witnesses were never called to testify at trial. The State did not mention in its motion in limine that the statements were non-testimonial. Petitioner was prevented from receiving a fair trial by playing the highly emotionally charged recordings to prey upon the passions of the jurors. No evidence was present in the recordings to implicate Petitioner in the crimes.

GROUND FIVE:                    The introduction into evidence of the findings of the autopsy report by the testimony of the State's expert medical witness violated Petitioner's rights under the Confrontation Clause as set forth in the Sixth Amendment to the U.S. Constitution.

Supporting Facts:               The State's expert medical witness was allowed to testify on evidence from the autopsy report when he was not the one who performed the autopsy nor any tests that were part of the autopsy. Petitioner was prevented from confronting the actual person who generated the examination and test findings.

GROUND SIX:                     Petitioner was denied Due Process and Equal Protection under the law when the trial court failed to render a decision with regard to the Petitioner's Motion[] to Suppress Eyewitness testimony, said motion to suppress being based on Petitioner's Fifth Amendment right to Due Process and Sixth Amendment right to counsel under the U.S. Constitution made applicable to the States under the Fourteenth Amendment to the U.S. Constitution.

Supporting Facts:               No decision based on the Motion to Suppress, written or otherwise, resolving the issues of making essential factual findings can be found on the record of this case. The trial court never decided or ruled on the Motion to Petitioner's prejudice, depriving him of a fair trial as the trial court failed to make any determinations on critical issues that were of constitutional magnitude properly raised by the Petitioner.

GROUND SEVEN:                   The testimony of Mickele Glenn was in violation of the doctrine of estoppel violating Petitioner's right to a fair trial and his right to Due Process.

| | |
|---|---|
| Supporting Facts: | The record is clear that during the grand jury proceedings regarding the grand jury presentation of the weapons case against Mickele Glenn for the weapon he possessed on the day of the shooting that the assistant prosecutor presented the case to the grand jury and asked them to "no bill" the case because Glenn was the only witness in the Petitioner's murder case. The State then brought additional witnesses at trial. |
| GROUND EIGHT: | Petitioner was denied his presumption of innocence in violation of his right to due process when the trial court failed to instruct the jury that their verdict had to be unanimous. |
| Supporting Facts: | The trial court erred when it failed to properly instruct the jury that the verdict of the jury had to be unanimous. Thus, the State was relieved from their burden of persuasion and the Petitioner was denied his presumption of innocence. |
| GROUND NINE: | Petitioner was denied his right to due process when his convictions were against the manifest weight and without sufficiency of the evidence. |
| Supporting Facts: | Petitioner's convictions were not supported by the manifest weight of the evidence and the evidence was insufficient to support and maintain his convictions. |
| GROUND TEN: | Petitioner was denied the effective assistance of counsel when his trial counsel failed to subpoena material witnesses, failed to construct an alibi defense when the evidence was available, and denied Petitioner his right to testify at his trial. The appellate court erred in applying res judicata to [P]etitioner's claim of ineffective assistance of counsel based on evidence de hors the record, thereby violating his right to Due Process under the Fifth and Fourteenth Amendments to the U.S. Constitution. |
| Supporting Facts: | Defense counsel was aware of several witnesses that could provide alibi evidence, show that the police made false statements at trial, and provide exculpatory evidence negating Petitioner's guilt of the crimes for which he was |

convicted. Trial counsel never informed Petitioner of his right to testify on his own behalf. Petitioner raised an issue of ineffective assistance of counsel in an Application for Reopening under App.R. 26(B). The appellate court stated it was related to evidence de hors the record and should not be addressed on direct appeal. When Petitioner raised the issue in a timely postconviction petition, the same court, the Seventh District Court of Appeals (after denial by the trial court), then ruled that the issue was barred by res judicata as it should have been raised on direct appeal. The court cannot deny the issue on both grounds, as they would deny Petitioner any effective means of presenting the issue for correction in any court.

GROUND ELEVEN:       Petitioner was denied Due process of law when his postconviction petition was denied without a hearing following the remand by the state appellate court.

Supporting Facts:       The Seventh District Court of Appeals found that Petitioner was denied Due Process when the trial court improperly denied Petitioner's postconviction petition without proper review of evidence. Upon remand, Petitioner's postconviction petition was again denied without a proper hearing on the evidentiary issues, denying Petitioner his right to Due Process.

GROUND TWELVE:       Petitioner was denied a fair trial in violation of Due Process protections due to egregious prosecutorial misconduct.

Supporting Facts:       The prosecuting attorney for the State of Ohio, Martin Desmond, who has now been fired from his position, met with a witness in the case, threatened him so that he would lie on the stand, and when the witness refused and made exculpatory statements to Mr. Desmond, he was sent back to prison. Mr. Desmond did not relate the exculpatory statements to the defense, and precluded their presentation to the jury, which prejudiced Petitioner and deprived him of a fair trial.

GROUND THIRTEEN:       Petitioner was denied the effective assistance of appellate counsel when counsel failed to ensure the filing of the

record with the reviewing court, leading to the dismissal of Petitioner's related issues on appeal without merit review.

Supporting Facts:      Appellate counsel was ineffective as he was aware that the record for an appeal must be filed with the reviewing court in order for the court to address the issues being appealed. Counsel failed to provide the reviewing court with the appropriate record for Petitioner's appeal, leaving the appellate court no option other than to deny Petitioner's issues. This inaction prevented Petitioner from a fair review and adjudication of the issues in the appellate court, demonstrating a clear failure to meet the constitutional standard and prejudicing Petitioner by the resultant denial of his issues without review.

GROUND FOURTEEN:      Appellate counsel was ineffective for failing to argue against a victim's dying declaration in a proper manner, depriving Petitioner of a fair trial.

Supporting Facts:      During trial, the court allowed the introduction of the victim's alleged statement over counsel's objection. The statement was delivered to the jury by the victim's mother. Counsel did not argue against the declaration being considered an "excited utterance" under the exclusion to the rule. The statement that was alleged to have been made by the victim was pivotal to the Petitioner's case, as the victim's mother claimed the statement implicated Petitioner in her son's death. The alleged statement was not an "excited utterance" and should not have been permitted to be stated to the jury. Failure to argue this issue prevented the Petitioner from receiving a fair trial.

GROUND FIFTEEN:      Appellate counsel was ineffective when he failed to properly argue in favor of the admission of the autopsy findings of the victim.

Supporting Facts:      The autopsy report was not admitted into the trial. Trial counsel attempted to proffer the report as evidence to support Petitioner's claim of not guilty. The autopsy report was critical to the defense, as it showed the victim was intoxicated at the time of an alleged "dying

|  | declaration." The victim was known to have been taking a drug that had both opioid and non-opioid activity in addition to marijuana at the time of his death, making his "dying declaration" not credible. |
|---|---|
| GROUND SIXTEEN: | Appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel when counsel failed to call witnesses whose testimony could exculpate Petitioner and refute the false testimony of a police officer. Petitioner was also deprived of his right to confront a witness whose hearsay was falsely represented to the jury. |
| Supporting Facts: | Trial counsel failed to call Petitioner's uncle as a witness at trial. The police related a statement that was alleged to have been made by Petitioner's uncle that Petitioner had access to a vehicle similar to the one used in the commission of the crime, which was incorrect. Another witness, Valentin, was on the witness list for the prosecution. Petitioner's counsel never investigated the potential testimony of Valentin prior to trial. He was never called as a witness. Following trial, Petitioner obtained an affidavit from Valentin which exculpated him from the crime in the instant case. Counsel's failures were clearly below the constitutional requirement of due process and a fair trial. |

(Pet. 6–22.)

Pursuant to Local Rule 72.2, the case was referred to Magistrate Judge James R. Knepp II ("Magistrate Judge" or "Judge Knepp"), on May 12, 2017, for preparation of a Report and Recommendation ("R & R"). On October 20, 2017, Respondent Charmaine Bracy ("Respondent") filed a Return of Writ, arguing that: (1) Petitioner procedurally defaulted grounds one through ten, and ground twelve; (2) he does not raise a cognizable claim for federal habeas relief as to ground eleven; and (3) his remaining grounds for relief fail on the merits. (ECF No. 10, at 33, 53-59, 62-71, 77-84.)

On February 15, 2018, Petitioner Everson filed his Traverse to Return of Writ arguing that, although he "does not disagree with Respondent's version of his direct appeal and the [e]vents that followed[,]" he can show cause to overcome the default. (ECF No. 16 at 6, 13-14.) In addition, Everson requested an evidentiary hearing. (*Id*. at 9.)

On April 22, 2019, Judge Knepp submitted an R&R, recommending that the court deny and dismiss Everson's § 2254 Petition in its entirety, finding that "Grounds One through Ten are procedurally defaulted; Ground Eleven is non-cognizable; and Grounds Twelve through Sixteen fail on the merits." (R & R 18-19, ECF No. 18.) For the same reasons, Judge Knepp also denied Everson's request for an evidentiary hearing. (*Id*. at 37.)

On June 10, 2019, Everson filed an Objection to the R&R, in which he vehemently reiterates some of the arguments made in his § 2254 Petition. (Obj., ECF No. 23.) Though Petitioner's Objection was filed a few days late, the deadline for filing objections is not jurisdictional. *See Thomas v. Arn*, 474 U.S. 140, 145–46 (1985). Nevertheless, an objection that summarizes what has already been presented, or merely states a disagreement with a magistrates's conclusion, is not an objection. *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

The court has carefully reviewed Judge Knepp's R&R *de novo*, as well as Everson's Objection and all other relevant documents in the record. The court finds that Judge Knepp's recommendations are well taken and that the arguments made in the Objection do not establish that Everson's federal rights were violated. Thus, the court adopts as its own Judge Knepp's R&R for the reasons stated in the R&R. (ECF No. 18.) The court hereby denies and dismisses Petitioner's § 2254 Petition (§ 2254 Pet., ECF No. 1), with prejudice. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there

is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2015).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 15, 2019